**NOT FOR PUBLICATION**

UNITED STATES DISTRICT COURT
DISTRICT OF NEW JERSEY

| | | |
|---|---|---|
| ANTWON BROWN, | : | Civil Action No. 07-2497 (JLL) |
| | : | |
| Petitioner, | : | |
| | : | |
| v. | : | **OPINION** |
| | : | |
| MICHELLE RICCI, | : | |
| | : | |
| Respondent. | : | |
| | : | |

**APPEARANCES:**

ANTWON BROWN, #705629B
New Jersey State Prison
P.O. Box 861
Trenton, New Jersey  08625

**LINARES**, District Judge

Antwon Brown ("Petitioner"), a prisoner who is confined at New Jersey State Prison,

filed a Notice for a § 2254 petition to be held in abeyance, a Certification in Support of Petition,

a Notice of Petition for Leave to Proceed Pro Se and for In Forma Pauperis, a Certification of

Service, a proposed form of order, and a cover letter to the Clerk.  This Court will grant the

application to proceed in  forma pauperis and, for the reasons expressed below, will deny

Petitioner's request for a stay for lack of subject matter jurisdiction and decline to issue a

certificate of appealability.

**I.  BACKGROUND**

On May 29, 2007, the Clerk of the Court received the following documents from

Petitioner:  a cover letter dated April 9, 2007 (one page); "Notice" to hold the petition in

abeyance dated April 20, 2007 (one page); "Certification in Support of Petition," signed by Petitioner on April 20, 2007 (nine pages); "Notice of Petition for Leave to Proceed Pro Se and for In Forma Pauperis" dated April 20, 2007 (one page); "Certification of Service" dated April 20, 2007 (one page); and a proposed form of order granting in forma pauperis status and granting "Notice of Petition To Hold This Petition In Abeyance."  Although Petitioner states in the cover letter that he has enclosed a "Notice of Petition for A Writ of Habeas Corpus pursuant to 28 [sic] §2254," the documents received by the Clerk did not include a Petition for Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 or a "Notice of Petition" for Writ of Habeas Corpus.

In the "Notice" dated April 20, 2007, Petitioner requests "that the petition be held in abeyance until further state court proceedings ha[ve] been exhausted," and states that he will rely on the attached Certification in support of his petition.  In the "Certification in Support of Petition," Petitioner certifies that he was convicted of two counts of murder and other charges on July 28, 1991, the Appellate Division affirmed the judgment on June 23, 1994, and the New Jersey Supreme Court denied certification on September 21, 1994.  Petitioner further avers that he filed a pro se petition for post-conviction relief in the Law Division of the Superior Court of New Jersey on March 9, 1999, which the Law Division denied on November 28, 2000.  He states that he appealed the order denying post-conviction relief, and that the matter is pending before the Appellate Division of the Superior Court of New Jersey.   Petitioner lists the five grounds he raised on direct appeal from his conviction, and the one ground he raised in his state petition for post-conviction relief, but the Certification does not assert that Petitioner is presently "in custody

2

in violation of the Constitution or laws or treaties of the United States" pursuant to 28 U.S.C. §

2254.[1]  Finally, Petitioner states:

> [B]ecause my time for Habeas Corpus filing is near I must file this
> petition with a Notice of Abeyance to preserve my rights to be
> heard by the U.S. District Court.
>
> My appeal could take another 1 to 2 years for a decision by the
> Appellate Court and again by the N.J. Supreme Court before
> exhaustion, and the only way to preserve my status in the Federal
> Court in a timely manner, this petition must be filed with the Court
> . . . .
>
> As it stands, petitioner has re-filed his appeal for denial of Post
> Conviction Relief however, the issue's [sic] have not been
> investigated fully by his counsel appointed.
>
> As such, to meet the requirements of his Habeas Corpus Petition to
> the Federal Court, he must file this Petition now in Abeyance until
> he has exhausted his state remedies.

(Certification in Support of Petition, ¶¶ 37, 38, 45, 46.)

## II.  DISCUSSION

A.  Standard of Review

    "Habeas corpus petitions must meet heightened pleading requirements."  McFarland v.

Scott, 512 U.S. 849, 856 (1994).  Habeas Rule 2(c) requires a § 2254 petition to "specify all the

grounds for relief available to the petitioner," "state the facts supporting each ground," "state the

---

[1] Petitioner asserts that he raised the following points on direct appeal from his
conviction: that (1) the admission of evidence of the death of Odis Brown's baby violated due
process; (2) the prosecutor's summation constituted an inappropriate comment on his failure to
testify; (3) other crimes evidence was improperly admitted; (4) the conviction should be reversed
because of cumulative errors; and (5) the trial court erred in imposing consecutive sentences.
(Certification, ¶ 40.)  Petitioner asserts that his state petition for post-conviction relief presented
one ground:  ineffective assistance of counsel.  (Certification, ¶ 42.)

relief requested," be printed, typewritten, or legibly handwritten, and be signed under penalty of perjury.  28 U.S.C. § 2254 Rule 2(c).

Habeas Rule 4 requires a judge to <u>sua</u> <u>sponte</u> dismiss a § 2254 petition without ordering a responsive pleading "[i]f it plainly appears from the petition and any attached exhibits that the petitioner is not entitled to relief in the district court."  28 U.S.C. § 2254 Rule 4.  Thus, "[f]ederal courts are authorized to dismiss summarily any habeas petition that appears legally insufficient on its face."  <u>McFarland</u>, 512 U.S. at 856.  Dismissal without the filing of an answer or the State court record has been found warranted when "it appears on the face of the petition that petitioner is not entitled to relief."  <u>Siers v. Ryan</u>, 773 F.2d 37, 45 (3d Cir. 1985), <u>cert. denied</u>, 490 U.S. 1025 (1989); <u>see also</u> <u>McFarland</u>, 512 U.S. at 856; <u>United States v. Thomas</u>, 221 F.3d 430, 437 (3d Cir. 2000) (habeas petition may be dismissed where "none of the grounds alleged in the petition would entitle [the petitioner] to relief").[2]

The Supreme Court explained the pleading requirements under the Habeas Rules as follows:

> Under Rule 8(a), applicable to ordinary civil proceedings, a complaint need only provide "fair notice of what the plaintiff's claim is, and the grounds upon which it rests."  <u>Conley v. Gibson</u>, 355 U.S. 41, 47 . . . (1957).  Habeas Rule 2(c) is more demanding. It provides that the petition must "specify all the grounds for relief available to the petitioner" and "state the facts supporting each ground."  <u>See also</u> Advisory Committee's note on subd. (c) of Habeas Corpus Rule 2, 28 U.S.C., p. 469 ("In the past, petitions have frequently contained mere conclusions of law, unsupported by any facts.  [But] it is the relationship of the facts to the claim asserted that is important . . . ."); Advisory Committee's Note on

---

[2] For example, the Third Circuit has held that vague and conclusory allegations contained in a petition may be disposed of summarily without further investigation by the district court. <u>Thomas</u>, 221 F.3d at 437; <u>United States v. Dawson</u>, 857 F.2d 923, 928 (3d Cir. 1988).

Habeas Corpus Rule 4, 28 U.S.C., p. 471 (""[N]otice' pleading is not sufficient, for the petition is expected to state facts that point to a real possibility of constitutional error." (internal quotation marks omitted)) . . . .

A prime purpose of Rule 2(c)'s demand that habeas petitioners plead with particularity is to assist the district court in determining whether the State should be ordered to "show cause why the writ should not be granted." § 2243.  Under Habeas Corpus Rule 4, if "it plainly appears from the petition . . . that the petitioner is not entitled to relief in district court," the court must summarily dismiss the petition without ordering a responsive pleading.  If the court orders the State to file an answer, that pleading must "address the allegations in the petition."  Rule 5(b).

Mayle v. Felix, 545 U.S. 644, 655 (2005).

B.  Subject Matter Jurisdiction

Lack of subject matter jurisdiction may be raised by the Court sua sponte at any time.

See Bender v. Williamsport Area School Dist., 475 U.S. 534, 541 (1986); Louisville & Nashville Railroad Co. v. Mottley, 211 U.S. 149, 152 (1908); Van Holt v. Liberty Mutual Fire Ins. Co., 163 F.3d 161, 166 (3d Cir. 1998).  "The exercise of judicial power under Art. III of the Constitution depends on the existence of a case or controversy," and "a federal court [lacks] the power to render advisory opinions."  U.S. Nat'l Bank of Oregon v. Independent Ins. Agents of America, Inc., 508 U.S. 439, 445 (1993 ) (quoting Preiser v. Newkirk, 422 U.S. 395, 401 (1975)); see also Flast v. Cohen, 392 U.S. 83, 97 (1968); see also Aetna Life Ins. Co. of Hartford, Conn. v. Haworth, 300 U.S. 227, 240-241 (1937).

Section 2254(a) of Title 28 of the United States Code gives a district court jurisdiction to entertain a habeas petition challenging a state conviction or sentence only on the ground that the inmate's custody violates federal law.  The statute provides:

5

> [A] district court shall entertain an application for a writ of habeas corpus in behalf of a person in custody pursuant to the judgment of a State court only on the ground that he is in custody in violation of the Constitution or laws or treaties of the United States.

28 U.S.C. § 2254(a).

Thus, to invoke habeas corpus review by a federal court, the petitioner must satisfy two jurisdictional requirements:  the status requirement that the petitioner be "in custody," and the substance requirement that the petition challenge the legality of that custody on the ground that it is "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3); see also Maleng v. Cook, 490 U.S. 488, 490 (1989); 1 James S. Liebman & Randy Hertz, Federal Habeas Corpus Practice and Procedure § 8.1 (4th ed. 2001).  Petitioner satisfies the status requirement because, according to the Petition, he is in the custody of the State of New Jersey pursuant to a state criminal conviction.

However, this Court lacks jurisdiction over Petitioner's request for a stay because he did not file a § 2254 petition asserting that he is in custody "in violation of the Constitution or laws or treaties of the United States."  28 U.S.C. § 2241(c)(3).  "In conducting habeas review, a federal court is limited to deciding whether a conviction violated the Constitution, laws, or treaties of the United States."  Estelle v. McGuire, 502 U.S. 62, 67-68 (1991); 28 U.S.C. § 2254(a); accord Barry v. Bergen County Probation Dept., 128 F.3d 152, 159 (3d Cir. 1997).  In reviewing a habeas petition, a federal court is not permitted to address a federal constitutional claim pertinent to the facts of the case unless the petitioner asserts the claim as a ground for relief.[3]  Nor may the Court recharacterize a ground asserted under state law as a federal

_____

[3] See, e.g., Withrow v. Williams, 507 U.S. 680, 695-96 (1993) (where habeas petition raised claim that the police had elicited petitioner's statements without satisfying Miranda, the

6

constitutional claim.[4]  While a District Court has the power to stay "a 'mixed petition' for habeas corpus relief in which a state prisoner presents a federal court with a single petition containing some claims that have been exhausted in the state courts and some that have not," Rhines v. Weber, 544 U.S. 269, 271 (2005), this Court lacks subject matter jurisdiction to grant a stay in this case because Petitioner has not actually filed a § 2254 petition asserting that he is in custody in violation of federal law.

Two published decisions of the United States Court of Appeals for the Second Circuit, and one unpublished decision of the United States Court of Appeals for the Third Circuit, are instructive.  In United States v. Leon, 203 F. 3d 162 (2nd Cir. 2000), the United States Court of Appeals for the Second Circuit held that a federal court lacks jurisdiction to entertain a motion to extend the time to file a petition for a writ of habeas corpus pursuant to 28 U.S.C. § 2255 when no such petition has actually been filed "because there is no 'case' or 'controversy' within the meaning of Article III of the Constitution."  Id. at 163.  The Leon Court held: "[h]ere, because [petitioner] has not yet filed an actual § 2255 petition, there is no case or controversy to be heard,

---

district court erred when it "went beyond the habeas petition and found the statements [petitioner] made after receiving the Miranda warnings to be involuntary under due process criteria"); Baker v. Barbo, 177 F.3d 149, 156 n.7 (3d Cir. 1999) (where petition contains ground asserting the ineffective assistance of counsel during plea negotiations and trial, court is not permitted to consider ground, evident from the facts but not raised in the petition, that appellate counsel was ineffective by failing to advise petitioner that he faced a longer sentence by appealing the conviction).

[4] See Engle v. Isaac, 456 U.S. 107 119-20 & n.19 (1982) (insofar as petitioners simply challenged the correctness of the self-defense instructions under state law, their petitions alleged no deprivation of federal rights and § 2254 was inapplicable); Kontakis v. Beyer, 19 F.3d 110, 116-17 & n.10 (3d Cir. 1994) (where petitioner asserted in § 2254 petition that the exclusion of testimony violated his rights under state law, federal court may not consider ground, not set forth in the petition, that exclusion of the testimony violated his federal due process rights).

and any opinion we were to render on the timeliness issue would be merely advisory." Id. at 164. The Court concluded that "[i]f or when [petitioner] actually files a § 2255 petition, the District Court . . . may consider his argument that such a petition should be considered timely." Id.

In Green v. United States, 260 F. 3d 78 (2nd Cir. 2001), the United States Court of Appeals for the Second Circuit indicated that if a motion to enlarge the time to file a § 2255 motion sufficiently articulates a cognizable claim for relief under § 2255, a district court may treat the motion as a substantive motion for relief under § 2255, provided the court first notifies the petitioner of the consequences of filing a § 2255 motion and offers him an opportunity to withdraw the motion, rather than have it construed as a § 2255 motion. Id. at 83-84. However, the Green court held that because the petitioner "had not articulated any basis in fact or in law for relief under section 2255, the district court did not err by failing to treat his motion to extend time as a substantive section 2255 motion." Id. at 84.

In Anderson v. Pennsylvania Attorney General, 82 Fed. Appx. 745 (3d Cir. 2003), a state prisoner filed a "Motion for an Extension of Time to File Writ of Habeas Corpus Pursuant to 28 U.S.C. § 2254" stating that "his grounds for habeas relief [were] based on the ineffective assistance of counsel, in violation of his rights under the Sixth Amendment and the Due Process Clause," that the statute of limitations was about to expire, and that he needed more time to prepare his § 2254 petition. Id. at 747. The United States District Court for the Middle District of Pennsylvania denied the motion, and petitioner filed a motion for reconsideration through counsel. Petitioner argued in the motion for reconsideration that, because the motion for an extension of time was filed within the limitations period and contained sufficient information to constitute a § 2254 petition, the district court erred by failing to give him time to file a more

8

specific pleading or to notify him before dismissing the motion.  The District Court denied the

motion, and the Court of Appeals granted a certificate of appealability.  The Court of Appeals

determined that the motion for an extension of time was filed four days before the statute of

limitations expired and that the District Court had subject matter jurisdiction to rule on the

motion.  The court found that Anderson's allegations "that he is in custody in violation of the

law, that his grounds for relief are based on the ineffective assistance of counsel and that he

needed more time to file a habeas petition [were] sufficient to present a case or controversy and

invoke the court's jurisdiction."  Id. at 749.  Nevertheless, the court concluded that the District

Court did not err by failing to recharacterize the motion as a § 2254 petition or failing to provide

notice under Mason v. Meyers, 208 F. 3d 414 (3d Cir. 2000), and United States v. Miller, 197 F.

3d 644, 649-52 (3d Cir. 1999), because the motion for an extension of time did not sufficiently

state a claim for relief under § 2254 and Habeas Rule 2(c), and would therefore have been subject

to summary dismissal under Habeas Rule 4.  The Court stated:

> We further conclude that the District Court did not err by failing to
> recharacterize Anderson's motion as a § 2254 motion and provide
> him notice under Miller and Mason where Anderson did not
> sufficiently state a claim for relief.  If the District Court had
> recharacterized the motion, it was subject to summary dismissal.
> See United States v. Thomas, 221 F. 3d 430, 438 (3d Cir. 2000)
> (stating that vague and conclusory grounds for habeas relief are
> subject to summary dismissal); Rule 2 of the Rules Governing
> Section 2254 Cases (providing that habeas petitions shall set forth
> all grounds for relief and facts supporting those grounds).

Anderson, 82 Fed. Appx. at 749.

Significantly, the Court of Appeals expressly rejected Anderson's argument that the

district court "had to know that the claims in his habeas petition were the same as those he

9

presented in state court because he was required to satisfy exhaustion requirements." Id. at 750. "The District Court cannot assume that a petitioner will bring the same claims in federal court that he presented to the state courts." Id.

As previously stated, this Court lacks jurisdiction to entertain an application for a stay unless Petitioner has actually filed a § 2254 petition. Unlike the motion for an extension of time in Anderson, Petitioner's filings do not give this Court subject matter jurisdiction because Petitioner does not assert in his papers that "he is in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). Because Petitioner has not actually filed a § 2254 petition, and the documents he did file do not assert that he is in custody in violation of federal law, "there is no case or controversy to be heard, and any opinion [this Court] were to render on the [stay] issue would be merely advisory." Leon, 203 F. 3d at 164. This Court accordingly denies Petitioner's request for a stay because this Court lacks subject matter jurisdiction.[5]

C. Certificate of Appealability

Because Petitioner has not made a substantial showing of the denial of a constitutional right, no Certificate of Appealability will issue pursuant to 28 U.S.C. § 2253(c). See Fed. R. App. P. 22(b)(1).

---

[5] Even if Petitioner's filings were sufficient to create a case or controversy and this Court had subject matter jurisdiction under § 2254, this Court would deny Petitioner's request for a stay. Like the motion for an extension of time in Anderson, Petitioner's filings do not sufficiently state a claim for relief under Habeas Rule 2(c), and would therefore require summary dismissal under Habeas Rule 4. See Anderson, 82 Fed. Appx. at 749.

## III.  CONCLUSION

For the foregoing reasons, this Court grants the application to proceed in forma pauperis, denies Petitioner's request for a stay, and declines to issue a Certificate of Appealability.


 /s/ Jose L. Linares
United States District Judge

DATED: August 16, 2007

11